UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| Linda J. Grant, | ) | CASE NO. 5:14 CV 1982 |
| | ) | |
| Plaintiff, | ) | JUDGE JOHN R. ADAMS |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| PNC Bank, N.A., | ) | AND ORDER |
| | ) | |
| Defendant. | ) | |

*Pro se* Plaintiff Linda J. Grant brings this employment action against Defendant PNC Bank, N.A. ("PNC") pursuant to 42 U.S.C. § 1983 and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e. In her complaint, plaintiff alleges she was wrongfully terminated by PNC on March 12, 2013 after 38 years of service "due to the bias of [an] investigation performed"; "[t]here was no due process involving the investigation"; and the "statements and responses" PNC presented were "unjust and unethical." (Doc. No. 1.) Plaintiff has filed an application to proceed *in forma pauperis*. (Doc. No. 2.)

Plaintiff's application to proceed *in forma pauperis* is granted, and for the reasons stated below, her complaint is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

**Standard of Review**

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court is required to dismiss an *in forma pauperis* action at the screening stage under 28 U.S.C. §1915(e)(2)(B) if it is frivolous or malicious or fails to state a claim upon which relief can be granted. *See Hill v. Lappin,* 630 F.3d 468, 470 (6th Cir. 2010). A complaint can be either factually or legally frivolous, and "[a]ny complaint that is legally frivolous *ipso facto* fails to state claim upon which relief may be granted." *Id*.

A complaint fails to state a claim upon which relief may be granted when it lacks "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id*. at 470-71 (holding "that the dismissal standard articulated in [*Ashcroft v. Iqbal*, 556 U.S. 662 (2009)] and [*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)] governs dismissals for failure to state a claim" under §1915(e)(2)(B)). The court must construe the complaint in the light most favorable to the plaintiff, accept all well-pleaded allegations as true, and determine whether the plaintiff's allegations present plausible claims. Although a complaint need not contain "detailed" factual allegations, its "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* Rather, the plaintiff's pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 677-78.

Further, although a *pro se* litigant is not held to the same standard as a lawyer, a *pro se* plaintiff must still meet basic pleading requirements, and the court is not required to conjure up allegations on the plaintiff's behalf. *See Erwin v. Edwards*, 22 Fed. App'x 579, 2001 WL 1556573 (6th Cir. Dec. 4, 2001).

**Analysis**

The plaintiff's complaint, even liberally read, fails to state a plausible claim against PNC under either § 1983 or Title VII.

Title VII provides, in relevant part, that it is unlawful for an employer "to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e–2(a)(1).[1] Plaintiff does not allege any facts in her complaint which support a plausible inference that PNC terminated her, or otherwise discriminated against her with respect to the terms or conditions of her employment, "because of" her race, color, religion, sex, or national origin. Rather, plaintiff alleges PNC terminated her based on a biased "investigation" where there was no "due process." Plaintiff's allegations plausibly suggest she was unfairly treated and wrongfully terminated by PNC, but they do not support a plausible inference that PNC terminated, or otherwise discriminated against her in connection with her employment, "because of" her race, color, religion, sex, or national origin. Plaintiff's allegations are therefore insufficient to support a plausible claim of discrimination based

---

[1]To establish a prima facie case of discrimination under Title VII using circumstantial evidence, a plaintiff must show she is a member of a protected class; suffered an adverse employment action; was qualified for the position; and a similarly-situated person outside of the protected class was treated more favorably than she was. *Younis v. Pinnacle Airlines, Inc.*, 610 F.3d 359, 363 (6th Cir. 2010).

on a protected characteristic under Title VII, and this Court is not required to conjure up such unpled allegations.

Plaintiff has also failed to allege sufficient facts to demonstrate she has any plausible claim under §1983. Section 1983 prohibits constitutional violations by state actors. To prove a violation of section 1983, a plaintiff must plead and prove that she has been deprived of rights secured by the Constitution or laws of the United States and that the defendant allegedly depriving her of those rights acted "under color of state law." *See Waters v. City of Morristown*, 242 F.3d 353, 359-60 (6th Cir.2001). Plaintiff alleges PNC deprived her of due process, but she alleges no facts suggesting PNC is a state actor or acted "under color of state law" such that it could plausibly be liable to her under Section 1983. *See Bell v. Management & Training Corp.*, 122 Fed. App's 219, 222 (6th Cir. 2005) (private employers are not state actors under § 1983 unless their actions can fairly be seen as "state action"). Accordingly, plaintiff's complaint is insufficient to state a claim upon which relief may be granted under § 1983.

**Conclusion**

For the reasons stated above, this action is dismissed for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. §1915(e). The Court further certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.


Date: 10/27/2014           */s/ John R. Adams*
                           JOHN R. ADAMS
                           UNITED STATES DISTRICT JUDGE